**Law Offices of Robert G. Sellers**
By: Robert G. Sellers, Esquire
Identification No. 166042015
1500 Walnut Street – 21st Floor
Philadelphia, PA 19102
(215) 896-1170                                                  Attorney for Plaintiff

---

| | |
|---|---|
| **MARVIN MELVIN**<br>21 Bradford Ave, Apt. 1<br>Hamilton, New Jersey 08610<br><br>         Plaintiff,<br>    v.<br><br>**CITY OF TRENTON**<br>319 E. State Street<br>Trenton, New Jersey 08608<br><br>    and<br><br>**DET. KATHERINE COX; OFC. JEFFREY VETTER; DET. J CARRIGG; DET. S. SZBANZ; DET. ABDIOTTI; OFC. P.E. SANDERSON; CAPT. VAUGHN; AND LT. RODRIGUEZ**<br>225 North Clinton Avenue<br>Trenton, New Jersey 08609<br><br>         Defendants. | **IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br><br>JURY TRIAL DEMANDED<br><br><br><br>CIVIL ACTION |

### COMPLAINT

#### INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983 to redress the deprivation of Plaintiff Marvin Melvin's rights, including the rights, privileges, and immunities protected by the United States Constitution, and under the laws of the State of New Jersey against the City of Trenton and the individually named police officers of the Trenton Police Department. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision. Plaintiff

further invokes supplemental jurisdiction of this Court, provided by 28 U.S.C. § 1367, to entertain claims arising under state law.

## PARTIES

1. Plaintiff **MARVIN MELVIN** (hereinafter "Plaintiff"), at all times relevant to this Complaint, is and was a resident of the City of Hamilton and the State of New Jersey.

2. Defendant **CITY OF TRENTON**, at all times pertinent to this Complaint, is a municipality of the State of New Jersey, and owns, operates, manages, directs, and controls the Trenton Police Department, which employs the below-named police officers, who violated Plaintiff's rights.

3. Defendants **DETECTIVE KATHERINE COX; OFFICER JEFFREY VETTER; DETECTIVE J. CARRIGG; DETECTIVE S. SZBANZ; DETECTIVE ABDIOTTI; OFFICER P.E. SANDERSON; CAPTAIN VAUGHN; AND LIEUTENANT RODRIGUEZ**, at all times pertinent to this Complaint, was and are employed by the Trenton City Police as law enforcement acting under color of state law pursuant to official policy, custom, or practice.

## ALLEGATIONS COMMON TO ALL COUNTS

4. Plaintiff Marvin Melvin is a 54-year-old male and resident of Hamilton, New Jersey.

5. On May 27, 2019, at approximately 4:00 A.M., Plaintiff was returning to his residence after spending the night at a friend's house following a Memorial Day Cookout.

6. Plaintiff was driving his automobile, a black 2009 Acura MDX, and was

alone at the time.

7. Five minutes after leaving his friend's house, Plaintiff noticed several vehicles behind him with their sirens activated.

8. As the vehicles approached, Plaintiff slowed down and pulled to the side of the road to allow them to pass.

9. As he was pulling to the side of the road, Plaintiff then noticed several vehicles were approaching him from ahead -- also with their sirens activated.

10. Believing the officers were converging near his location, Plaintiff:

   a. came to a complete stop;

   b. turned on his interior lighting;

   c. lowered his car windows; and

   d. remained in his vehicle.

11. Several unmarked squad cars then circled Plaintiff's vehicle.

12. As Plaintiff remained stationary, several law enforcement officers wearing tactical gear, believed to be Defendants Detective Katherine Cox, Officer Jeffrey Vetter, Detective J. Carrigg, Detective S. Szbanz, Detective Abdiotti, and Officer P.E. Sanderson, exited their vehicles and approached Plaintiff.

13. One of the Defendant officers ordered Plaintiff to: "step out of your car!"

14. Plaintiff complied and slowly exited his vehicle, at which point one of the Defendant officers physically grabbed Plaintiff's arms, forcefully spun him around, and without legal cause or justification, handcuffed him and physically maneuvered Plaintiff to an unmarked white vehicle parked several feet away.

15. Without legal cause or justification, the Defendant officers searched the

interior of Plaintiff's vehicle for approximately forty-five minutes.

16. Despite negative results, one of the Defendant officers advised Plaintiff that they were going to detain him longer, while they called a K-9 unit to conduct a dog-sniff of the vehicle.

17. One of the Defendant officers told Plaintiff that "if there's nothing in there [the vehicle], we'll let you go."

18. A short time later, a K-9 unit arrived, and the dog was led into the vehicle's interior.

19. A short time later, and despite not seeing or hearing the dog react differently, one of the Defendant officers informed Plaintiff that the K-9 "hit" on the vehicle as containing explosive material.

20. Plaintiff vehemently denied owning, possessing, or having any contact with explosive material, other than the fact that he was a Heating, Ventilation, and Air Conditioning (HVAC) technician and kept welding supplies and equipment in his vehicle from time-to-time.

21. One of the Defendant officers then demanded to know whether Plaintiff had a license and/or certification to possess, use, and/or handle HVAC supplies and equipment.

22. Plaintiff informed the Defendant officer that he was indeed licensed. The Defendant officer then examined Plaintiff's wallet, which contained his accreditations.

23. Without legal cause or justification, Defendant officers continued their detention of Plaintiff and unlawfully seized his vehicle.

24. Plaintiff, still handcuffed, was placed into the rear seat of an unmarked car, and two police officers drove him to his home.

25. The Defendant officers uncuffed Plaintiff and released him after he had been detained for nearly an hour and a half.

26. The following day, Plaintiff went to the Trenton City Police Department to file a complaint and to retrieve his vehicle, which was still in the possession of law enforcement.

27. Plaintiff spoke with Defendants Captain Vaugh and Lieutenant Rodriguez, who took notes about Plaintiff's encounter.

28. On or about May 29, 2019, Plaintiff received a "Towed Vehicle & Inventory Receipt Form" from the Trenton Police Department.

29. According to the "Towed Vehicle & Inventory Receipt Form:"

> *As per Detective Cox, listed vehicle was subject of a weapons investigation. A controlled "K9 sniff" was performed on the vehicle, which indicated the presence of explosive odors. Vehicle was towed by Hawks Towing to Trenton Police Headquarters pending application of a search warrant. Vehicle was escorted by United 511 (Detective J. Carrigg/Detective S. Szbanz), and secured in the evidence building parking lot under video surveillance, due to wash bay being full to capacity.*

30. Despite repeated requests for the return of his vehicle, it took nine days before the vehicle was returned to Plaintiff on June 7, 2019.

31. When Plaintiff opened his car door, he noticed unfamiliar paperwork resting on the vehicle seat; it was a Court Order for the approval of a Search Warrant of Plaintiff's vehicle.

5

32. According to the Court Order:

> *WHEREAS, Detective Katherine M. Cox . . . has this day made information on oath before me . . . that she has good reason to believe and does believe that [Plaintiff's vehicle] is a location where evidence will be found that will show violations of the crimes of Possession with Intent to Distribute a Controlled Dangerous Substance . . . Possession of CDS . . . Unlawful Possession of a Weapon . . . Possession of a Firearm during a CDS Offense . . . and Conspiracy to commit the aforementioned crimes . . . .*

33. The Search Warrant did not allege that Plaintiff's vehicle contained explosive material, despite being alleged in the "Towed Vehicle & Inventory Receipt Form."

34. As a result of having his vehicle seized, Plaintiff was forced to rent a vehicle in order to conduct his day-to-day business at a cost of $ 685.72.

35. Plaintiff timely filed a Notice of Tort Claim with the City of Trenton for reimbursement of his costs, expenses, including pain and suffering, as a result of the unlawful seizure of his person and property.

36. At no time relevant to this Complaint, did Plaintiff engage in illegal activity.

37. As a direct and proximate cause of Defendants' conduct, Plaintiff suffered and continues to suffer physical and psychological pain and suffering, mental anguish, of which some or all may be permanent, including economic loss and other such losses that will be established at trial.

**COUNT I – FEDERAL CAUSE OF ACTION**
**42 U.S.C. § 1983 – FOURTH AND FOURTEENTH AMENDMENTS**
**(PLAINTIFF MARVIN MELVIN V. INDIVIDUALLY NAMED DEFENDANTS)**

38. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

39. As a direct and proximate result of the actions of the individually named Defendants, Plaintiff was assaulted forcibly and against his will, causing tremendous physical and psychological trauma, and depriving him of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and in particular, to be free from the use of unreasonable and excessive force against his person.

40. By the conduct set forth above, by physically handcuffing Plaintiff, without legal cause or justification, Defendants, jointly and individually, caused or intended to cause harmful and offensive contact with the body of Plaintiff.

41. By the conduct set forth above, Defendants, jointly and individually, caused and intended to cause Plaintiff immediate and harmful injury.

42. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish as well as economic and such other losses as will be established at trial.

### COUNT II – FEDERAL CAUSE OF ACTION
### 42 U.S.C. § 1983 – FOURTH AND FOURTEENTH AMENDMENTS
### (PLAINTIFF MARVIN MELVIN v. CITY OF TRENTON)

43. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

44. The conduct of the individually named law enforcement Defendants described herein, resulting in the deprivation of Plaintiff's constitutional rights, and causing Plaintiff's damages, was directly and proximately caused by the actions and/or inactions of Defendant City of Trenton which has encouraged,

tolerated, ratified, and has been deliberately indifferent to policies and patterns of practice and customs, and the need to train, supervise, and discipline in:

    a. Unlawful detentions, unlawful arrests, and drafting truthful and accurate search warrants;

    b. The proper exercise of police powers, including but not limited to unlawful arrest, unlawful detention, and the application of unlawful search warrants;

    c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    e. The use of their status as police officers to employ the use of physical force to achieve ends not reasonably or justifiably related to their duties as police officers; and

    f. The failure of police officers to follow established policies, procedures directives, and instructions regarding the use of arrest powers, under such circumstances as presented in this case.

45. As a direct and proximate result of the failure of Defendant City of Trenton to train, supervise, and discipline the individually named Defendants, Plaintiff suffered and continues to suffer emotional distress, humiliation, mental pain, and anguish, and such other further losses as are established at trial.

### COUNT III – STATE CAUSE OF ACTION
### NEW JERSEY CIVIL RIGHTS ACT
### (PLAINTIFF MARVIN MELVIN V. ALL DEFENDANTS)

46. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

47. The actions of all Defendants as described above, violated Plaintiff's due process privileges or immunities secured by the Constitution or laws of the

United States, and/or Plaintiff's substantive rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey, and, as such, Defendants are liable to Plaintiff under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6–2(c).

### COUNT IV – STATE CAUSE OF ACTION
### ASSAULT AND BATTERY
### (PLAINTIFF MARVIN MELVIN v. INDIVIDUALLY NAMED DEFENDANTS)

48. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

49. By the conduct set forth above, by physically handcuffing Plaintiff, without legal cause or justification, Defendants, jointly and individually, caused or intended to cause harmful and offensive contact with the body of Plaintiff.

50. By the conduct set forth above, Defendants, jointly and individually, caused and intended to cause Plaintiff immediate and harmful injury.

51. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish as well as economic and such other losses as will be established at trial.

### COUNT V – STATE CAUSE OF ACTION
### FALSE IMPRISONMENT
### (PLAINTIFF MARVIN MELVIN v. INDIVIDUALLY NAMED DEFENDANTS)

52. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

53. By the conduct set forth above, including causing Plaintiff to be physically assaulted, restrained, handcuffed, and taken into police custody, all without

legal justification or cause, Defendants, jointly and individually, caused and intended to cause Plaintiff to be confined.

54. As a result of the conduct described above, Plaintiff was, in fact, arrested and confined without probable cause, without his consent, and against his will.

55. Defendants, jointly and individually, without legal cause or justification, used physical force and actual or apparent physical barriers to overcome Plaintiff and effect a confinement.

56. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical pain and injury, and continues to suffer emotional distress, humiliation, mental pain and anguish, as well as economic and such other losses that will be established at trial.

## DAMAGES

57. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at full length.

58. Defendants' conduct was outrageous, in that it was malicious, wanton, willful, or oppressive, or showed reckless indifference to the interests of others and therefore, warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff Marvin Melvin requests the following relief:
- a. compensatory damages in excess of $ 50,000.00;
- b. punitive damages against the individually named Defendants;
- c. reasonable attorney fees and costs, if applicable; and
- d such other relief as appears reasonable and just.

Respectfully submitted,

**Law Offices of Robert G. Sellers**

5/24/2021

<u>/s/ Robert G. Sellers, Esquire</u>
Attorneys for Plaintiff Marvin Melvin

## VERIFICATION

The facts set forth in the Complaint are true and correct to the best of the undersigned's knowledge, information, and belief and are made subject to the penalties for unsworn falsification to authorities.

_____          _5/24/2021_____
Plaintiff Marvin Melvin                                      Date